IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| BURLY GRIMES, | ) | Cause No. CV 06-17-H-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On April 19, 2006, Petitioner Burly Grimes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is a state prisoner proceeding pro se and in forma pauperis.

**I. Preliminary Screening**

Rule 4 of the 2254 Rules requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

**II. Procedural Background and Grimes' Allegations**

Grimes was charged with robbery, aggravated kidnapping, and deliberate homicide in Montana's Fifth Judicial District Court, Jefferson County.  He was convicted by a jury and, on October 17, 1997, he was sentenced to serve a total of 80 years in prison.  He appealed.  On June 18, 1999, the Montana Supreme Court affirmed. See State v. Grimes, 982 P.2d 1037 (Mont. 1999).

At some point, Grimes filed a state petition for postconviction relief in the trial court.  The state petition was dismissed because it was not filed within one year of the date on which Grimes' conviction became final.  See Pet. at 4, ¶ 15A.  The dismissal occurred sometime before November 30, 2002.  See Pet. Ex. J at 1.  Grimes did not appeal.

On or about March 1, 2005, Grimes filed a petition for writ of habeas corpus in the Montana Supreme Court.  He asked that court to order the trial court to permit him to re-file a petition for postconviction relief on the grounds that his attorney, Ed Sheehy, gave him erroneous advice about the filing deadline.  On April 27, 2005, the Montana Supreme Court dismissed the petition.  See Pet. Ex. E at 1-3.

Grimes filed his petition in this Court on April 19, 2006. His only claim for relief alleges that Sheehy erroneously advised him as to the time he had to file a state postconviction petition. See Pet. at 4, ¶ 15A.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

**III. Analysis**

For two reasons, Grimes' petition should be dismissed.

**A. Failure to State a Federal Claim for Relief**

Grimes asks this Court to "'ORDER' the appropriate lower court to allow Petitioner to file an Out-Of-Time Appeal or Second Petition for Postconviction Relief." Pet. at 8, ¶ 18.

This claim provides no basis for habeas jurisdiction in the federal court. 28 U.S.C. § 2254(a) authorizes the federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Even if Grimes succeeded in showing that Sheehy's advice about time to file was incorrect, he would not be entitled to habeas relief unless he proved that his underlying *conviction or sentence* violated federal law. In other words, Grimes' custody does not arise from the Montana courts' post-conviction procedures; it arises from his conviction for robbery, aggravated kidnapping, and deliberate homicide. His claim that Sheehy inaccurately advised him about the state limitations period does not allege that his conviction or sentence violate federal law. Consequently, the Petition should be dismissed.

**B. Federal Statute of Limitations**

While Grimes might have other claims for which federal habeas

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

jurisdiction might lie, he is time-barred from bringing them. 28 U.S.C. § 2244(d)(1) provides that a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254. The Montana Supreme Court affirmed Grimes' conviction on June 18, 1999. Less than a month later, in a letter dated July 13, 1999, Sheehy wrote to Grimes and advised him that he had one year to file a petition for writ of habeas corpus in federal court. See Pet. Ex. G at 2. Sheehy also stated that "[i]f you file for postconviction relief, the 1 year time for [federal] habeas relief is then stayed and will not begin running again until there is a final decision from the Montana Supreme Court." Id.

Grimes actually had one year plus ninety days from June 18, 1999, to file his federal petition, see Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999), but Sheehy's advice was in substance correct. Grimes filed a state petition for postconviction relief, saw it dismissed as untimely by the trial court, and failed to pursue an appeal. He then waited from at least November 30, 2002, see Pet. Ex. J at 1, until April 19, 2006, to file a habeas petition in this Court. During that time, except for a brief period of about two months from March to April 2005, see Pet. Ex. C at 10; id. Ex. E at 3, Grimes had nothing filed in state court. Sixty days' statutory tolling is not nearly enough to make Grimes' federal petition timely. Moreover, the United States Supreme Court decided last Term that only a timely and procedurally proper state

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

petition for collateral relief will toll the federal statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Consequently, no time at all was statutorily tolled under the federal statute of limitations when Grimes untimely filed his state postconviction petition in the trial court, and Grimes' time to file in this Court duly expired on September 18, 2000.[1]

Ordinarily, a district court must give a pro se petitioner an opportunity to respond to a proposed dismissal on the basis of the federal statute of limitations. See Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). The Court has considered whether Grimes should be given an opportunity to show that he is entitled to equitable tolling of the statute. However, to do so, he must show that extraordinary circumstances beyond his control made it impossible for him to file his federal petition on or before April 30, 2002. See Calderon v. United States Dist. Court ("Beeler"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), overruled on other grounds by Calderon v. United States Dist. Court ("Kelly IV"), 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling "will not be available in most cases" and poses a "high hurdle" for a petitioner to overcome. Id. Grimes would have the burden of proving that he is entitled to equitable tolling. See, e.g., Smith v. Duncan, 274 F.3d 1245, 1250 (9th Cir.

---

[1] September 16, 2000, was a Saturday.

2001) (citing Hinton v. Pacific Enters., 5 F.3d 391, 395 (9th Cir. 1993), and Herbst, 260 F.3d at 1041-42).

In this case, the record is clear that Grimes received timely and correct advice from counsel regarding the federal statute of limitations. Grimes was able to file a state postconviction petition, so there is no apparent reason to believe it was impossible for him to file a federal habeas petition.

The Court has also considered whether the fact that Sheehy represented Grimes at trial and on direct appeal should have any bearing on the timeliness issue. See, e.g., Moormann v. Schriro, 426 F.3d 1044, 1058-59 (9th Cir. 2005). However, although Sheehy erroneously calculated the deadline date, see Pet. Ex. H at 1 (stating deadline of September 26, 2000, to file a state postconviction petition),[2] he correctly advised Grimes that he had one year and ninety days to file for state postconviction relief. See Pet. Ex. G at 2; Mont. Code Ann. § 46-21-102(1)(b) (1997). Grimes could have calculated the time himself and discovered Sheehy's error. Because Sheehy correctly advised Grimes of how much time he had to file a petition both for state postconviction relief and for federal habeas relief, the Moormann case has no bearing on Grimes' case.

The Court can only conclude that Grimes failed to meet the

---

[2] See also Pet. Ex. I at 1.

federal one-year limitations period for filing his petition for writ of habeas corpus and that there are no circumstances excusing his failure to timely file. The Petition should be dismissed with prejudice on that basis.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

Grimes Petition (Court's doc. 1) should be DISMISSED WITH PREJUDICE for failure to comply with the federal statute of limitations.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Grimes must immediately inform the Court of any change in his mailing address. Failure to do so may result in dismissal of this case without notice to him.

DATED this 13th day of June, 2006.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge